IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORY L. COTTER, | ) | CASE NO. 4:21-CV-01670 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| THE TRUSTEES OF BETHANY COLLEGE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

Before this Court is Defendant the Trustees of Bethany College's ("Bethany College") Motion for Partial Summary Judgment. (Doc. No. 38.)  On March 23, 2023, Plaintiff Cory L. Cotter ("Plaintiff" or "Cotter") filed a response in opposition to Bethany College's Motion. (Doc. No. 42.)  On April 6, 2023, Bethany College filed a reply in support of its Motion. (Doc. No. 44.)  For the following reasons, Bethany College's Motion for Partial Summary Judgment is DENIED.

**I.  Background**

    **A.  Factual Background**

The parties do not dispute the material facts of this case. Cotter is a citizen of Ohio. (Doc. No. 15 at ¶ 1.)[1]  The Trustees of Bethany College is a West Virginia non-profit corporation that oversees operations of Bethany College.  (*Id.* ¶ 2.)  In August 2019, Stephen P. Thompson was employed by Bethany College as Athletic Director and Head Golf Coach. (*Id.* ¶ 10.)  As part

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

of his duties, Thompson often traveled off campus in a vehicle provided by Bethany College. (*Id*. ¶¶ 11-12.)

On or about August 28, 2019, Thompson drove westbound on West Street in East Liverpool, Ohio. (*Id*. ¶¶ 13-15.) At the same time, Cotter drove his motorcycle southbound toward the same intersection. (*Id*. at ¶ 16.) Though Cotter had the right of way, Thompson failed to yield, and struck the right side of Cotter's motorcycle. (*Id*. ¶¶ 17-18.) As a result, Cotter's right leg suffered significant damage. (Doc. No. 42-2 at 326-32; Doc. No. 39-1 at 308.) Cotter was transported via life flight to UMPC Presbyterian and later underwent numerous procedures and extensive physical therapy to treat his injuries. (Doc. No. 42 at 319)

Bethany College admits negligence and further admits that its negligence is the cause of Cotter's injuries. (Doc. No. 39 at 302). Accordingly, the sole issue yet to be determined is the damages to which Cotter is entitled. (*Id.*; Doc No. 42 at 319.) On February 16, 2023, Bethany College moved for partial summary judgment determining that Cotter's non-economic damages are subject to the cap set forth in Ohio Revised Code § 2315.18(B)(2).

### B. Procedural Background

On August 27, 2021, Cotter brought this action against Bethany College under this Court's diversity jurisdiction.[2] (Doc. No. 1.) Cotter filed a First Amended Complaint on February 10, 2022. (Doc. No. 15.) The First Amended Complaint contains four claims of negligence and vicarious liability against Bethany College and unnamed Jane/John Does. (*Id*. ¶¶ 25-54.) Bethany College filed its answer to the First Amended Complaint on March 25, 2022.

---

[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff Cotter and Bethany College (collectively, the "Parties).

(Doc. No. 17.) After the close of discovery,[3] Bethany College filed the present motion for partial summary judgment. (Doc. No. 39.)

## II. Law and Analysis

### A. Standard of Review

A motion for summary judgment must be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to a jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Payne v. Novartis Pharm. Corp.*, 767 F.3d 526, 630 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The party opposing a motion for summary judgment must present evidence to support their claims. *Banks v. Wolfe Cnty. Bd. Of Educ.*, 330 F.3d 888, 892 (6th Cir. 1991). Conclusory allegations, speculation, and unsubstantiated assertions are not enough to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990); *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003). Only materials cited in the briefs to this

---

[3] Plaintiff did not file a formal expert disclosure in this matter, but identified two expert witnesses, James L. Kenkel, Ph.D., and Dr. Ivan Tarkin, M.D., in his responses to Bethany College's written discovery requests. (*See* Doc. No. 34 at 269). Plaintiff shared Dr. Tarkin's report with Bethany College in August 2022. (*Id.*). In October 2022, Bethany College filed a Motion to Limit Testimony of Plaintiff's Expert, Dr. Tarkin, which it later withdrew after filing a joint stipulation scheduling a discovery deposition of Dr. Tarkin. (*See* Doc. No. 37). Bethany College deposed Dr. Tarkin on November 16, 2022. (Doc. No. 43).

Court will be considered. Fed. R. Civ. P. 56(c)(2); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### B. Application of Ohio's Non-Economic Damages Cap

Under Ohio Revised Code § 2315.18, non-economic loss is defined as "nonpecuniary harm that results from an injury or loss to a person or property that is the subject of a tort action. . . ." O.R.C. § 2315.18(A)(4). Typically, these damages are capped at either $250,000 or three times the economic loss with a $350,000 maximum for each plaintiff, whichever figure is higher. O.R.C. § 2315.18(B). Under § 2315(B)(3), this cap is lifted in two instances: (a) "[p]ermanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system," or (b) "[p]ermanent physical function injury that permanently prevents the injured person from being able to independently care for self and perform life sustaining activities."

#### 1. The Parties' Arguments

In its motion for partial summary judgment, Bethany College contends that Cotter's injuries do not meet the requirements of § 2315.18(B)(3) and therefore the cap on non-economic losses should not be lifted. (Doc. No. 39 at 304). Bethany College emphasizes that the standard under § 2315.18(B)(3) is "stringent" and requires "extreme qualifications" and Cotter's injuries do not rise to the level of "permanent or substantial physical deformity." (*Id.*) Cotter has retained the use of his leg and all other bodily systems, walks unassisted, and has resumed all activities of daily living without limitation. (*Id.*) Though Bethany College concedes that Cotter "sustained an open tibia fracture from the accident" and "does have some scarring of the right leg," these injuries do "not satisfy the requirement of a 'permanent and substantial physical deformity.'" (*Id.* at 304).

4

In response, Cotter contends that because § 2315.18(B)(3) does not define "permanent and substantial physical deformity," the Court's role is "limited to the threshold determination of whether there is sufficient evidence to submit the issue" to the jury.  (Doc. No. 42 at 321-22.)  Cotter also emphasizes the lasting effects of his injuries, such as heightened susceptibility to chronic bone infections, physical deformity, and loss of sensation, as evidence that a reasonable jury could conclude that his injuries are permanent and substantial.  (*Id.* at 322-23).

Bethany College's reply states that Cotter relies on outdated case law that does not address the "extreme qualifications" required to set aside the damages cap.  (Doc. No. 44 at 399.)  Bethany College also asserts that Cotter's response "focuses on the initial character" of his injuries, not the condition of his leg after post-treatment.  (*Id.* at 399-400.)

### 2. Discussion

Ohio Revised Code § 2315.18 does not define "permanent and substantial physical deformity."  *Weldon v. Presley*, No. 1:10-cv-1077, 2011 WL 3749469, at *6 (N.D. Ohio Aug. 9, 2011); *see also Poteet v. MacMillan,* 2016-Ohio-8118, 75 N.E. 3d 122, ¶ 17 (Ohio App. Ct. 2016).  In the absence of a statutory definition, "Ohio and federal courts alike have to consider whether an injury constitutes a permanent and substantial deformity based on the particular facts of the case."  *Fairrow v. OhioHealth Corp.*, 2020-Ohio-5595, 2020 WL 7233145, ¶ 67 (Ohio App. Ct. 2020).  To do so, trial courts first "determine whether there is enough evidence to meet the basic evidentiary threshold."  *Id.* ¶ 68.  If that threshold is met, "it is for the trier of fact, not the court, to determine whether the damages constitute permanent and substantial deformity.  *Id.* (citing *Ohle v. DJO, Inc.*, No. 1:09-cv-02794, 2012 WL 4505846 (N.D. Ohio Sept. 28, 2012)); *see also Weldon*, 2011 WL 3749469, at *6-7 (ruling on the nature of plaintiff's injury because the evidentiary threshold was not met); *see also Williams v. Bausch & Lomb Co.*, No. 2:09-cv-

910, 2010 WL 2521753, at *3-6 (S.D. Ohio June 22, 2010) (same); *Bransteter v. Moore*, No. 3:09 CV 2, 2009 WL 152317, at *2 (N.D. Ohio Jan. 21, 2009) (submitting the nature of plaintiff's injury to the jury); *cf White v. Bannerman*, 2010-Ohio-4846, 2010 WL 3852354, at ¶ 88 (Ohio App. Ct. 2010) (making a factual finding in a bench trial that a plaintiff's scarring qualified as a deformity).

In *Poteet v. MacMillan* and *Simpkins v. Grace Brethren Church of Delaware Ohio*, both of which Bethany College cites in support of its motion, Ohio state courts noted that § 2315.18(B) is a "stringent" standard that requires "extreme qualifications." (Doc. No. 39 at 305.)  While this guidance may prove useful to the trier of fact, it does not bar the jury from considering the nature of a plaintiff's injuries.  Moreover, these cases are factually distinguishable from the present one.  In *Poteet*, the plaintiff did not provide evidence "as to the extent or severity of any scarring, no testimony as to the present appearance of any scarring, nor testimony describing any scarring as a substantial deformity." 2022 WL 830956, at ¶ 23.  The court held that the lack of "evidence as to [plaintiff's] scarring prohibits the jury from considering whether it constituted a permanent and substantial physical deformity." *Id.* Similarly, in *Simpkins*, the plaintiff alleged "emotional and psychological injuries," but did not allege any physical injuries as a result of her sexual assault.  75 N.E.3d 122, 135 (Ohio 2016).  Consequently, the Supreme Court of Ohio held that the trial court correctly applied the statutory cap to plaintiff's damages. *Id.*  The same is not true here.

Based on this record, Cotter has met the evidentiary threshold for submitting the nature of his injury to the jury to determine whether it constitutes a permanent and substantial physical deformity.  Cotter has submitted both an affidavit and photographs describing and depicting the injuries on his right leg.  (*See* Doc. No. 42-1 (describing Cotter's injuries post-treatment); *see*

*also* Doc. Nos. 42-2, 42-3, 42-4 (showing the condition of Cotter's right leg in September 2019, May 2021, and March 2023).)  In *Bransteter*, this court addressed whether scarring from surgeries to correct a perforated bowel constituted a "permanent and substantial physical deformity," and held that "scarring may be so severe as to qualify as a serious disfigurement." 2009 WL 152317, at *2.  Following *Bransteter*, in *Weldon*, this court considered a plaintiff's small single scar, merely 4cm long" and concluded that the injury was not a substantial physical deformity that warranted lifting the statutory cap on non-economic damages.  2011 WL 3749469, at *7.

Using these examples, the Court finds that Cotter has shown more significant scarring – both in number and in size – than those described in *Weldon*.  Further, unlike the plaintiffs in *Poteet* and *Simpkins*, Cotter has introduced evidence as to the extent and severity of his scarring, the present appearance of his scarring, and his alleged deformity.  Accordingly, the trier of fact will determine whether Cotter's injuries constitute permanent and substantial deformity.

### III.  Conclusion

For the reasons above, Bethany College's Motion for Partial Summary Judgment (Doc. No. 38) is DENIED.

**IT IS SO ORDERED.**

Date:  August 23, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE